463 F.2d 953
 80 L.R.R.M. (BNA) 2412, 150 U.S.App.D.C. 117,
68 Lab.Cas. P 12,665
 LOCAL UNION 676, Affiliated with the Laborers' International
Union of North America, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, M. F. A. Milling
Company, Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
M. F. A. MILLING COMPANY, Respondent, Local Union 676,
Affiliated with the Laborers' International Union
of North America, AFL-CIO, Intervenor.
M. F. A. MILLING COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 71-1157, 71-1263 and 71-1406.
 United States Court of Appeals,
 District of Columbia Circuit.
 Argued April 7, 1972.
Decided May 9, 1972.
 
 Mr. Benjamin J. Francka, Springfield, Mo., with whom Mr. Jules Bernstein, Associate Counsel, Laborer's International Union of North America, Washington, D. C., was on the brief, for petitioner in No. 71-1157 and intervenor in No. 71-1263.
 Mr. O. J. Taylor, Springfield, Mo., for petitioner in No. 71-1406 and respondent in No. 71-1263.
 Mr. Allen H. Feldman, Atty., N. L. R. B., with whom Mr. Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., was on the brief, for petitioner in No. 71-1263 and respondent in Nos. 71-1157 and 71-1406.
 Before McGOWAN, MacKINNON and ROBB, Circuit Judges.
 PER CURIAM:
 
 
 1
 These petitions for review relate to an order of the National Labor Relations Board finding the employer in violation of Sections 8(a) (1), (3), and (5) of the Act. In No. 71-1406, the employer challenges the Board's findings that it discriminatorily transferred an employee to more onerous work, and refused to bargain in good faith. In No. 71-1263, the Board seeks enforcement of its order. In No. 71-1157, the union complains of the Board's denial of its request for additional remedies.
 
 
 2
 With respect to the merits of the unfair labor practice findings, we have examined the record with care, and it is our conclusion that there is substantial evidence amply supporting the Board's order. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951). Turning to the claimed inadequacies of the remedies afforded by the Board, we note the following characterization by the Board of the employer's course of conduct:
 
 
 3
 Respondent, from the initiation of the Union's organizational campaign, has continually pursued a course of conduct which totally contravenes the fundamental purposes of the National Labor Relations Act. It has interrogated, threatened, harassed, and discriminated against Union adherents. It has steadfastly refused to bargain with the duly certified Union, and has otherwise made known to its employees its rejection of the principle of collective bargaining.
 
 
 4
 Although the Board here did order the employer to reimburse the employee members of the bargaining committee for the wages lost by them while attending bargaining meetings, it refused to respond further to the union's somewhat generalized request, the most specific item of which was identified as counsel fees and litigation expenses. The Board, without discussing this item at all, adopted the Trial Examiner's rejection of these costs, which rejection was rationalized in the familiar terms of the General Counsel's responsibility to conduct litigation.
 
 
 5
 Subsequent to the Board's failure in this case to award counsel fees and litigation expenses, the Board enunciated a new rationale with respect to such costs and did allow them in Tiidee Products Inc., 194 N.L.R.B. 198 and 196 N.L.R.B. 27. Without intimating any view as to whether a similar remedy is required in this case, we do think it appropriate under the circumstances to remand No. 71-1157 to the Board for further consideration of the question of counsel fees and litigation expenses in the light of the Board's later opinion in Tiidee.
 
 
 6
 The petition for review in No. 71-1406 is denied; and the Board is granted enforcement of the order sought to be reviewed. Pursuant to the union's petition in No. 71-1157, however, that order is remanded to the Board for the purpose hereinabove indicated.
 
 
 7
 It is so ordered.